<div style="margin-left:2em">STATE<br>v.<br>McDAVID</div>

The propriety of the exclusion of the testimony of the lawful wife, on a trial of the husband for the crime of bigamy, may well be doubted. On this subject Allison says: " Having once, for just and necessary reasons, admitted an exception to the general rule, in the case of a wife who has sustained a personal injury from her husband, is there any principle on which it can be held not to include that case, where the injury to herself and her family is the greatest, from a desertion of them both by the head of the family? Nor is the reason of exclusion founded on the peace of families, here of the slightest weight, but rather the reverse; for a husband, who has been guilty of bigamy, has proved himself dead to all sentiments of that description, and, having already deserted his first wife for another woman, he has given the clearest evidence that no further family dissentions need be apprehended from her appearing to give evidence against him." Prac. Cr. L., p. 463.

This, however, is not an open question,

It is, therefore, ordered and decreed, that the verdict of the jury and the judgment of the court, in this case, be set aside and annulled; and it is further ordered, that this case be remanded for further proceedings according to law.

MERRICK, C. J., absent.

---

### ROBERT MORRIS v. BERNARD KENDIG.

In a redhibitory action, where the plaintiff was allowed without objection to prove by parol and his own letter, that he had made a real tender, of a slave which he had purchased, to his vendor; that such vendor had received back the slave, and that he promised to return the money—*Held:* That such proof has, as to the vendor, the same effect that a written act of retrocession would have had.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *R. King Cutter* and *R. Beauvais, Jr.*, for plaintiffs. *T. G. & A. G. Semmes*, for defendant and appellant.

DUFFEL, J. The plaintiff alleges in his petition, among other things, " that he has made a real tender of said slave to the said *Bernard Kendig*, and that on or about the 12th of December, 1858, the said *Bernard Kendig* received back the said slave, and promised to return the money, &c."

The plaintiff was allowed, no objection being made, to prove by parol and his own letter, the tender, acceptance and promise, as set forth in the petition; and such proof has, as to the defendant, the same effect as a written act of retrocession would have had. *Valery Gaiennié* v. *William Freret*, 14 An'. 488.

The defendant, having suffered the seizure and sale of the slave to satisfy one of the two notes given to him by his vendee in part payment of the price, cannot complain; nor have we any doubt, from the whole testimony, that the slave was diseased at the time of the sale, and that he was, in consequence, of no, or of little value.

The judgment of the District Judge was in favor of the plaintiff, and we are satisfied that it is correct.

Judgment affirmed, with costs.

LAND, J., absent.